## IN THE COURT OF COMMON PLEAS OF GREENE COUNTY, OHIO
## SUMMONS

ARLIS R WILLIAMS et al
    Plaintiff,

vs.

STATE FARM FIRE AND CASUALTY COMPANY
    Defendant.

Case No. 2017 CV 0244

Summons on Complaint

To the following named defendant:
STATE FARM FIRE AND CASUALTY COMPANY
AKA STATE FARM GENERAL INSURANCE COMPANY STATUTORY AGENT CSC LAWYERS
INCORPORATING SERVICE 50 WEST BROAD STREET SUITE 1800
COLUMBUS, OH 43215

    You are hereby summoned that a complaint (a copy of which is hereto attached and made a part hereof) has been filed against you in this court by the Plaintiff(s) named herein.

    You are required to serve upon the Plaintiff's attorney, or upon the Plaintiff, if he has no attorney of record, a copy of your answer to the complaint within twenty-eight (28) days after service of this summons upon you, exclusive of the day of service. Said answer must be filed with this court within three days after service on Plaintiff's Attorney.

    The name and address of the Plaintiff's Attorney is as follows:
STEPHEN G WHETSTONE
WHETSTONE LEGAL LLC POST OFFICE BOX 6 2 N MAIN ST UNIT 2
THORNVILLE OH 43076
Work Phone(740)785-7730 Fax (740)205-8898

    If you fail to appear and defend, judgment by default will be taken against you for the relief demanded in the complaint.

Terri A. Mazur, Clerk
Greene County Common Pleas Court
45 N. Detroit St.
Xenia, OH 45385

*[signature]*
Deputy Clerk

Dated: March 31, 2017
9202790109779800232742

FILED
IN THE COURT OF COMMON PLEAS
GREENE COUNTY, OHIO
2017 MAR 31 AM 11:09
TERRI A. MAZUR, CLERK
COMMON PLEAS COURT
GREENE COUNTY, OHIO

| | |
|---|---|
| ARLIS R. WILLIAMS<br>3185 Waterhouse Drive<br>Beavercreek, Ohio 45432<br><br>and<br><br>SONYA WILLIAMS<br>3185 Waterhouse Drive<br>Beavercreek, Ohio 45432<br><br>and<br><br>STORMAID RESTORATION, LLC<br>8951-8953 Cincinnati Columbus Rd.<br>West Chester, Ohio 45069<br>        Plaintiffs,<br><br>vs.<br><br>STATE FARM FIRE AND CASUALTY<br>COMPANY<br>AKA STATE FARM GENERAL<br>INSURANCE COMPANY<br>AKA STATE FARM MUTUAL<br>AUTOMOBILE INSURANCE COMPANY<br>STATUTORY AGENT:<br>CSC-Lawyers Incorporating Service<br>50 West Broad Street, Suite 1800<br>Columbus, Ohio 43215<br>        Defendant. | CASE NO. 2017CV0244<br><br>JUDGE **JUDGE WOLAVER**<br><br>**COMPLAINT WITH<br>JURY DEMAND<br>ENDORSED HEREON** |

## GENERAL ALLEGATIONS

1. Plaintiff Arlis R. Williams and Plaintiff Sonya Williams (hereinafter "Plaintiff") own the properties located at 1300/1302 Parkway Court, Beavercreek, Greene County, Ohio 45432, 1307/1309 Meadowbridge Drive, Beavercreek, Greene County, Ohio 45432, and 1301/1303 Meadowbridge Drive, Beavercreek, Greene County, Ohio 45432 (hereinafter collectively known as the "Properties").

2. Defendant State Farm Fire and Casualty Company aka State Farm General Insurance Company aka State Farm Mutual Automobile Insurance Company (hereinafter "Defendant") insured Plaintiff pursuant to policy numbers 95-B4-W098-2 (1300/1302 Parkway Court), 95-B5-N427-3 (1307/1309 Meadowbridge Drive), and 95-B4-W185-7 (1301/1303 Meadowbridge Drive). The policies cover the properties for losses caused by hail and/or windstorm. Despite requests, Defendant has not provided a certified copy of the policy and therefore it cannot be attached.

3. On or around April 2, 2016, the Properties suffered damage due to storm-related conditions, including hail and/or wind.

4. After the loss, Plaintiff submitted claims to Defendant.

5. Plaintiff fulfilled all its duties under the insurance contracts.

6. Plaintiff then assigned any and all insurance rights, benefits, proceeds and any causes of action regarding their April 2, 2016 claims to StormAid Restoration, LLC (hereinafter "StormAid" and collectively, with Arlis and Sonya Williams, as "Plaintiffs").

7. Defendant has denied substantial coverage related to the damages subject of this suit associated with the Properties and insurance policy at issue, despite clear photographic evidence to the contrary.

8. After receiving notice of loss resulting from the April 2, 2016 claim by Plaintiff, Defendant has failed to timely and properly conduct an objective investigation.

### COUNT ONE
### Breach of Contract

9. Plaintiffs restate the above allegations.

10. Plaintiff had contracts with Defendant on the day the loss occurred.

11. At all times, Plaintiff fulfilled its duties under the contracts.

12. Defendant breached the insurance contracts by failing to pay Plaintiffs the amount due under the insurance policies.

13. As a direct and proximate result of Defendant's breach of the insurance contracts, Plaintiffs have been denied the policy benefits and coverage due under said insurance contracts. As a further direct and proximate result of Defendant's breach of the insurance contracts, Plaintiffs have suffered other reasonably contemplated damages.

14. Plaintiffs pray for judgment on this count in an amount in excess of twenty-five thousand dollars ($25,000.00), the exact amount to be determined by a jury at the trial of this matter, plus attorney fees, interest, penalties and costs as allowed by law.

## COUNT TWO
## Lack of Good Faith

15. Plaintiffs restate the above allegations.

16. In adjusting Plaintiffs' claims, Defendant, through its agents, attorneys, adjusters, and investigators, acted unreasonably, without reasonable justification, fraudulently, intentionally, recklessly, and not in good faith by:

   a. Failing to conduct an adequate and complete investigation of the claim as required by *Zoppo v. Homestead Insurance Company* (1994), 71 Ohio St.3d 552;

   b. Failing to place the interests of Plaintiffs before its own, and Defendant used the advantage of its position to gain a benefit for itself, at Plaintiffs' expense;

   c. Hiring a non-independent investigator to investigate the claims;

    d. Forcing Plaintiffs to file suit to recover amounts due under the policies by refusing to pay all benefits due;

    e. Failing to comply with the requirements of OAC 3901-1-54, Unfair Property/Casualty Claims Settlement Practices;

    f. Failing to provide promptly to a policyholder a reasonable explanation of the basis in the policies, in relation to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim; and

    g. Failing to comply with Defendant's own claim investigation standards and guidelines.

    h. Unnecessarily delaying the processing of supplemental claims;

16. Defendant, through its agents, attorneys, adjustors, and investigators, acted intentionally, willfully, wantonly, and with actual malice in refusing to pay Plaintiffs' claims and delaying such payments. Among other actions, Defendant:

    a. Unreasonably delayed the investigation of the claims;

    b. Unreasonably left line items off of Plaintiffs' scope of repairs;

    c. Unreasonably underpaid the claims;

17. The actions and omissions of Defendant demonstrate malice, aggravated or egregious fraud, oppression, or insult and Defendant, as principal or master of its agents and adjusters, authorized, participated in, and ratified the actions or omissions of its agents and adjusters in this regard.

18. As a direct and proximate result of Defendant's lack of good faith, Plaintiffs suffered emotional distress and anxiety, inconvenience, increased loss of use, and economic harm, and has incurred litigation expenses and attorney's fees.

19. Plaintiffs pray for judgment on this count in an amount <u>in excess of</u> twenty-five thousand dollars ($25,000.00) in compensatory damages and an amount <u>in excess of</u> twenty-five thousand dollars ($25,000.00) in property damage, the exact

amount to be determined by the trier of fact, plus interest, costs, and attorney's fees as allowed by law.

WHEREFORE, Plaintiffs Arlis and Sonya Williams and StormAid Restoration, LLC pray for judgment against Defendant as set forth above, plus interest, costs, and attorney fees as allowed by law, and such other relief as the Court, in the exercise of its equitable jurisdiction, deems proper.

Respectfully submitted,

Stephen G. Whetstone (0088666)
WHETSTONE LEGAL, LLC
Post Office Box 6
2 N. Main St., Unit 2
Thornville, OH 43076
P: 740-785-7730
F: 740-205-8898
E: steve@whetstonelegal.com
*Attorney for Plaintiffs*

## JURY DEMAND

Plaintiff hereby requests, pursuant to Civil Rule 38(B), a trial by jury of the issues of the within lawsuit.

Stephen G. Whetstone

**INSTRUCTIONS FOR SERVICE**

**TO THE CLERK OF COURTS, YOU ARE INSTRUCTED TO MAKE CERTIFIED MAIL SERVICE OF THIS COMPLAINT ON THE ABOVE-NAMED DEFENDANT.**

Stephen G. Whetstone